UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5013** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"** |
| | |
| **MARY & LARRY PATTERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5014** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"** |

## ORDER and OPINION

Before the Court in each of the captioned cases is a "Motion for Remand" filed on behalf of plaintiffs.[1] Having heard the oral arguments of the parties in connection with the motions for remand and having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motions.

### BACKGROUND

This is the third time that the litigation among these parties has been removed from state court to this Court. Because the Court has previously set forth in detail the factual background of these cases,[2] the Court will note only those facts relevant to the determination of these motions to remand.

---

[1] *Bauer v. Dean Morris, L.L.P.*, C.A. 08-5013 (Doc. 85); *Patterson v. Dean Morris, L.L.P.*, C.A. 08-5014 (Doc. 96).

[2] *See Patterson v. Dean Morris*, 337 B.R. 82, 84-86 (E.D. La. 2006).

Following the second remand of these suits, the cases proceeded, apparently uneventfully, until September 25, 2008, when the Director of the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation as Receiver ("FDIC-Receiver) for Washington Mutual Bank, ("WAMU") an original defendant in both suits. Thereafter the state district court judge signed an order in each case substituting FDIC-Receiver for Washington Mutual Bank.[3] The next day defendants Dean Morris, L.L.P. , George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau (collectively "Dean Morris") filed a notice of removal in both suits under 28 U.S.C. §1441(b). Within one week, FDIC-Receiver filed in each suit a Notice of Additional Grounds of Removal citing 12 U.S.C. §§1819(b)(2)(A) and (B) which address federal court jurisdiction and provides in pertinent part:

> (A) In general
>
> Except as provided in subparagraph (D)[which is not applicable hereto], all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>
> (B) Removal
>
> Except as provided in subparagraph (D) [which is not applicable hereto], the Corporation may without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

---

[3] Plaintiffs urge that when the state district judge substituted FDIC-Receiver for WAMU in the *Bauer* suit that WAMU was no longer a defendant in that suit. Because the documents filed in this record do not establish that WAMU had been dismissed prior to the removal of *Bauer* from state court and because FDIC-Receiver has not conceded that WAMU was dismissed from the *Bauer* litigation prior to FDIC-Receiver's entry into the case, the Court deems FDIC-Receiver to have been a party to the *Bauer* suit at the time of its removal.

Plaintiffs promptly filed a motion to remand each suit contending that defects in Dean Morris's removal of the suit required remand. Alternatively plaintiffs asserted that even if Dean Morris correctly removed each suit that the Court should exercise its discretion under 28 U.S.C. §1441(c) to remand all of the claims in both suits, except those claims against FDIC-Receiver because all of the other claims arose under state law.

On April 1, 2009, the Court held oral argument on the plaintiffs' motions for remand. During that hearing counsel for plaintiffs and counsel for FDIC-Receiver indicated for the first time that they had reached an informal agreement under which plaintiffs would dismiss in each suit their claims against the FDIC-Receiver in both suits and that FDIC-Receiver would in turn dismiss its cross claims against Dean Morris, L.L.P. and its third party claims against Continental Casualty Company. The parties advised the Court that FDIC approval of the agreement was needed to finalize the agreement, and that such approval was expected to occur within two weeks. The FDIC subsequently approved the agreement. Thereafter plaintiffs and FDIC-Receiver filed a joint motion to dismiss plaintiffs claims against FDIC-Receiver and FDIC-Receiver's claims against Dean Morris, L.L.P. and Continental in each suit. During a hearing held on July 29, 2009, the Court granted the joint motions to dismiss and heard additional oral argument on the motions to remand.

## LAW AND ANALYSIS

It is undisputed that once the state court substituted FDIC-Receiver for WAMU as a defendant that 12 U.S.C. §1819(A) provided federal jurisdiction over all of the claims in these suits and that such jurisdiction continues even now that FDIC-Receiver has been dismissed from both suits. The relevant issue is whether having dismissed FDIC-Receiver, as a party to this litigation,

3

the Court has discretion pursuant to 28 U.S.C. §1367(c)(3)[4] or §1441(c)[5] to remand the remaining claims to state court.

"All suits of a civil nature . . . to which the [FDIC] in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. §1819(b)(2)(A). In the seminal case of *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir. 1993), the Fifth Circuit addressed the propriety of remanding to state court claims which had been filed pursuant to state law. In concluding that remand of such claims against the FDIC was precluded, the Fifth Circuit stated:

> As the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law. And, as [28 U.S.C.] §1441(c) authorizes the federal district court to remand only those matters in which state law predominates, this discretionary remand provision is inapplicable in the instant action.

*Id.* Admittedly the presence of the FDIC-Receiver in these cases bestowed original jurisdiction over all of the claims raised therein. Nonetheless, *Buchner* is not dispositive of in this case because here FDIC-Receiver is no longer a party and there is no federal interest to protect in the claims pending against other defendants which undeniably arose under state law.

The parties have not cited, nor has the Court located, any Fifth Circuit precedent specifically addressing the propriety of remanding to state court claims against other parties based on state law

---

[4] Title 28 U.S.C. §1367(c) permits a district court "to decline supplemental jurisdiction over a claim under subsection (a) [of §1367] if . . . the district court has dismissed all claims over which it has original jurisdiction."

[5] Title 28 U.S.C. §1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removable claims or causes of action the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates."

4

once the FDIC has been dismissed from the suit. Although defendants urge that *Walker v. F.D.I.C.*, 970 F.2d 114 (5th Cir. 1992) and *F.D.I.C. v. Griffin*, 935 F.2d 691 (5th Cir. 1991) support the denial of the motion to remand, the Court concludes that neither of those cases presents the precise situation involved herein, i.e., whether having dismissed the FDIC-Receiver from the suits, the Court has discretion to remand to state court the remaining claims which all arose under state law. In *Walker* the Fifth Circuit addressed the altogether different issue of whether it had jurisdiction over an appeal of the district court's grant of summary judgment in favor of the FDIC and individual defendants once the FDIC had settled its claims and been dismissed from the appeal.

*Griffin* is also inapposite. In *Griffin*, First Texas Savings Association ("First Texas") filed suit in state court against the guarantor of a promissory note to recover the deficiency due on a note. After the Federal Home Loan Bank Board placed First Texas into receivership and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiver for First Texas, the FSLIC removed the suit to federal court. Thereafter the FDIC succeeded the FSLIC as the receiver for First Texas. Following the removal of the suit, the FDIC assigned the guarantee and the promissory note to First Gibralter, which had purchased the assets and assumed the secured liabilities for First Texas, and the FDIC ceased pursuing its claims against the guarantor. Additionally, the guarantor filed several counterclaims against the FDIC which he later dismissed. The district court held the guarantor liable under the guaranty. The guarantor appealed urging, in pertinent part, that the federal district court lacked subject matter jurisdiction and should have remanded the suit to state court because the FDIC was no longer a party. The Fifth Circuit concluded that federal jurisdiction survived the dismissal of the FDIC stating:

> The policy reasons for insuring federal jurisdiction over cases involving the actions of failed thrifts continue when the FDIC is

5

> voluntarily dismissed as a party *and* the owner of the failed thrift's assets remains. A transferee from FSLIC or FDIC, as successors of their interests, is still entitled to the protection of federal courts applying *D'Oench Duhme*, even when FSLIC or FDIC is voluntarily dismissed.

*Id.* (emphasis added). Unlike *Griffin* in which the owner of the assets of the failed thrift remained a party to the suit, here FDIC-Receiver, the party with control over the assets of WAMU, is no longer a party and there is no federal interest in the claims remaining before the Court.

*Adair v. Amerus Leasing, Inc.*, 566 F.Supp. 2d 518 (S.D. Ms. 2008) is apparently the only case precisely on point. There certain borrowers filed suit in state court against a national bank for various claims arising under Mississippi law. After the FDIC was appointed Receiver for the successor to one of the suit's original defendants, the FDIC removed the suit to federal court pursuant to 12 U.S.C. 1819(b)(2) and 28 U.S.C. §1331. Thereafter plaintiffs and the FDIC moved to dismiss the claims against the FDIC, and the plaintiffs moved to remand the suit to state court. The district court granted the motions to dismiss the FDIC and granted plaintiffs' motion to remand. The court opined:

> There is no merit to defendants' suggestion that the court must deny plaintiffs' motion to remand solely because there was federal jurisdiction at the time of removal. Unquestionably there was jurisdiction at the time of removal based on the FDIC's presence in the suit; and that jurisdiction continues despite dismissal of the FDIC. However, the fact that the court *may* continue to exercise jurisdiction does not mean that it should do so.

*Id.* at 520. The Court further stated:

> This court previously declined to exercise supplemental jurisdiction over this case following the elimination of the basis for federal jurisdiction which prompted the original removal. There is no more reason to do so now than before, and therefore, the court will grant plaintiffs' motion to remand.

*Id*. at 525. There is no basis for distinguishing *Adair* from the instant case.[6] There is no federal interest in the remaining claims which requires the protection of the federal court thereby necessitating the exercise of federal jurisdiction over the claims. Moreover judicial efficiency weighs in favor of remand. There has been little or no substantive action in these cases since their removal from state court. For all the reasons stated, the Court declines to exercise jurisdiction over the purely state law claims remaining in these two cases. Accordingly,

**IT IS ORDERED** that the motions to remand are GRANTED;

**IT IS FURTHER ORDERED** that the captioned cases be remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 12th day of August, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] An appeal of the *Adair* decision is presently pending in the United States Court of Appeals Fifth Circuit. See *Adair v. Lease Partners, Inc.* No. 08-60674..