**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5013** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"(4)** |
| | |
| **MARY & LARRY PATTERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5014** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K" (4)** |

**ORDER AND OPINION**

Before the Court in each of the captioned cases is a motion to stay remand order pending appeal filed on behalf of defendant Countrywide Home Loans, Inc. ("Countrywide".)[1] Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned DENIES the motions.

On August 12, 2009, this Court ordered these suits remanded to the Civil District Court for the Parish of Orleans; it was the third time this Court has remanded these suits which were filed on February 17, 2005. Thereafter, on August 28, 2009,[2] September 3, 2009,[3] and September 4, 2009,[4]

---

[1] *Bauer v. Dean Morris*, C.A. 08-5013 (Doc. 101); *Patterson v. Dean Morris*, C.A. 08-5014 (Doc. 112.)

[2] In *Bauer* defendants Dean Morris, LLP, George B. Dean, Jr., John C. Morris, III, Charles H. Heck, and Candace A. Courteau filed a "Notice of Appeal (Doc. 106). Those same defendants filed a "Notice of Appeal" in *Patterson* (Doc.117.)

[3] In *Patterson* defendants Aurora Loan Services, Inc. and Mortgage Electronic Registration Systems filed a "Notice of Appeal" (Doc. 120.)

[4] In *Bauer,* defendant Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation, and JP Morgan Chase Bank, N.A,., successor by merger to Bank One, N.A, filed a "Notice of Appeal" (Doc. 109.) In *Patterson*, defendant Chase Home

various defendants filed a "Notice of Appeal" in the captioned cases. These appeals are currently pending. Citing this Court's March 30, 2006, opinion[5] staying the Court's first remand of these cases pending the Fifth Circuit's resolution of the defendants' appeals, defendant Countrywide now seeks a similar stay of this, the third order remanding these cases.

It is undisputed that the Court's Order of remand is subject to appellate review. Therefore, this Court retains jurisdiction to modify its remand order, including consideration of a motion to stay the remand order pending appeal. *See In re Digicon Marine, Inc.*, 996 F.2d 158, 160-61 (5th Cir. 1992), *citing In re Shell Oil II*, 932 F.2d 1523, 1528 (5th Cir. 1991). It is well established that in considering a motion to stay pending appeal, the district court must consider:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Reading & Bates Petroleum Company v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994). The analysis is however different when the appeal involves a serious legal issue. In such a case, the movant " 'need only present a substantial case on the merits . . . and show that the balance of equities weighs heavily in the favor of granting the stay.' " *Id.* (*quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

The issue on appeal in these cases is whether, in a suit removed to federal court pursuant to 12 U.S.C. §1819(b)(2)(B), the Court has discretion, following the dismissal of the FDIC-

---

Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation, filed a "Notice of Appeal" (Doc. 123.)

[5] *Bauer v. Dean Morris*, C.A. 05-2178 (E.D. La.) (Doc. 170); *Patterson v. Dean Morris*, C.A. 2177 (E.D. La. ) (Doc. 233).

Receiver, to remand the remaining claims to state court. Although that issue is a serious legal issue, the Court nonetheless concludes that Countrywide has failed to establish that it is entitled to a stay of the remand Order pending appeal. Even assuming *arguendo*, that Countrywide has demonstrated a substantial case on the merits, the balance of equities does not weigh *heavily* in favor of granting the stay.

These cases, which plaintiffs filed on February 17, 2005, have been pending more than four and one-half years. Neither the interests of the parties nor the interests of the public are served by further delay of this litigation. Countrywide urges that any stay would likely be brief in duration because the Fifth Circuit is scheduled to hear oral argument on October 6, 2009, in *Adair v. Lease Partners, Inc.*, No. 08-60674, a case which raises a similar issue. There is no guarantee that a stay, if ordered, would be brief in duration. Moreover, considering the lengthy period of time this suit has been filed, the Court concludes that no additional delay is warranted. It is time for these cases to move forward.

Accordingly,

**IT IS ORDERED** that the motion to stay remand order pending appeal filed on behalf of defendant Countrywide in each of the captioned cases is DENIED.

New Orleans, Louisiana, this 11th day of September, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE