# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARY & LARRY PATTERSON, ET AL**                    CIVIL ACTION

**VERSUS**                                           NO. 08-5014

**DEAN MORRIS, L.L.P., ET AL**                       SECTION "K"(2)

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendants Dean Morris, LLP, George B. Dean, Jr.,  John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau  (referred to collectively herein after as "Dean Morris") (Doc. 182) seeking to dismiss all claims of plaintiff Jacqueline Withrow against Dean Morris.  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

## BACKGROUND

On June 9, 2002, Edna Taylor, Jacqueline Withrow's mother,  executed a $24,000.00 promissory note payable to Long Beach Mortgage Company ("Long Beach").  (Doc. 182, Ex. A - Taylor 1). Ms. Taylor  secured the promissory note with a mortgage on property located at 1820 Sixth Street, New Orleans, Louisiana. (Doc. 182, Ex. A - Taylor 2).  Long Beach later merged with Washington Mutual Bank ("WAMU").

Beginning in November 2002, Edna Taylor failed to make her monthly payment on the note and mortgage. (Doc. 182, Ex. A, Affidavit of George B. Dean, Jr. and John C. Morris, III, ¶ 5).  In January 2003, Long Beach sent the loan to Dean Morris, L.L.P. to proceed with foreclosure.  (Id. at ¶ 6). On March 4, 2003, Dean Morris sent Ms. Taylor, at her request, an "Estimated Reinstatement quote," valid through March 15, 2003, which included two different reinstatement quotes  - one

indicating the reinstatement amount if a foreclosure suit had not been filed and a second quote

showing the relevant amounts if reinstatement occurred after a foreclosure suit had been filed.  The

quote states:

| | |
|---|---:|
| Payment Due | 1,271.45 |
| Late Charge | 63.55 |
| Corporate Advance | 30.40 |
| Attorneys Fees | 900.00 |
| Abstract | 378.00 |
| *Total | 2,643.40 |

*This figure only applies if suit is not filed.  We anticipate filing a foreclosure
action within the next few days.  If you should not be able to reinstate your loan
prior to that filing, the estimated reinstatement is as follows:

| | |
|---|---:|
| Payment Due | 1,271.45 |
| Late Charge | 63.55 |
| Corporate Advance | 30.40 |
| Attorneys Fees | 900.00 |
| Abstract | 378.00 |
| *Clerk | 358.00 |
| *Sheriff's Cost | 1,200.00 |
| *Sheriff's Commission | 40.96 |
| *Total | 4,242.36 |
| *Estimates | |

(Doc. 182, Ex. A - Taylor 4).  On May 5, 2003, Dean Morris, acting on behalf of Long Beach, filed

a "Petition for Executory Process" in the Civil  District Court for the Parish of Orleans, seeking,

among other things, a Writ of Seizure and Sale to sell the mortgaged property. (Doc. 182, Ex. A -

Taylor 5).  Upon filing the petition for executory process, Dean Morris paid $248.50 to the Clerk

of Court and advanced $1,200.00 in costs to the Civil Sheriff.  (Doc. 182, Ex. A - Taylor 7, 8).

Following the filing of the  executory process petition, the state court judge signed an order that a

Writ of Seizure and Sale issue.  (Doc. 182, Ex. A -  Taylor 6).  Shortly after Dean Morris filed the

petition for executory process, Long Beach assigned the mortgage to Credit Based Asset Servicing

2

and Securitization, L.L.C., and  Litton Loan Servicing, L.L.P. ("Litton") began servicing Ms. Taylor's loan.  (Doc. 182, Ex. A -  Taylor 9).

On July 29, 2003, pursuant to Ms. Taylor's request, Dean Morris provided her with a Reinstatement Proposal, good through August 1, 2003, which indicates that the following amounts:

| | |
|---|---|
| Payments Due | 2,900.00 |
| Late Charges | 114.39 |
| Foreclosure Attorney's Fees and Costs | 4,140.43 |
| Total | 7,154.82 |

(Doc. 182, Ex. A - Taylor 11).    Ms. Taylor began attempting to secure a reverse mortgage in order to payoff the mortgage on her home.  In furtherance of those efforts, on August 7, 2003, Authentic Title, Ltd. ("Authentic Title")  requested, on Ms. Taylor's behalf,  a payoff quote for Ms. Taylor's loan.  (Doc. 182, Ex. A - Taylor 12).  That same day Dean Morris provided Authentic Title, with a "Payoff Statement" reflecting the following amounts:

| | |
|---|---|
| Principal Balance | 23,980.93 |
| Interest | 2,592.06 |
| Prepayment Penalty | 480.00 |
| Late Charges | 114.39 |
| Escrow Deficit | 1,531.72 |
| Foreclosure Attorneys Fees and Costs | 4,910.98 |
| Total | 33,610.08 |

(Doc. 182, Ex. A - Taylor12).

On August 14, 2003, less than a week later, Ms. Taylor filed a voluntary petition for a Chapter 13 bankruptcy.  (Doc. 182, Ex. A - Taylor 15).[1]  The following month, the bankruptcy judge, on motion of the bankruptcy Trustee,  dismissed the bankruptcy for failure to file a Chapter 13 plan or schedules.  (Doc. 182, Ex. A -  Taylor 17).

---

[1]*In Re Taylor*, No. 03-16167 (E.D. La).

On October 2, 2003, Dean Morris sent Authentic Title a "Payoff Statement," good through October 9, 2003, which included the following amounts:

| | |
|---|---|
| Principal Balance | 23,980.93 |
| Interest | 3,055.00 |
| Prepayment Penalty | 480.00 |
| Late Charges | 114.39 |
| Escrow Deficit | 1,531.72 |
| Property Preservations | |
| Inspections | 10.00 |
| Prior Legal Fee | 1,235.00 |
| Foreclosure Attorney's Fees and Costs | 1,220.78 |
| Total | 31,627.89 |

(Doc. 182, Ex. A - Taylor 18).  On October 8, 2003, Ms. Taylor paid off the loan in the above amount with funds from a reverse mortgage; the payoff funds were wired to Dean Morris. Thereafter the state judge dismissed the foreclosure proceeding.  (Doc. 182, Ex. A - Taylor 21).

Dean Morris incurred out-of-pocket costs of $2,525.49 in connection with the foreclosure, i.e, Civil Sheriff Fees - $1,964.99; Clerk of Court fee - $248.50; Title - $ 312.00. (Doc. 182, Ex. A., Affidavit of George B. Dean, Jr. and John C. Morris, III, ¶ 16, Ex. A - Taylor 22, 23).  The out-of-pocket costs incurred by Dean Morris exceeded, by $69.71, the amount paid by Ms. Taylor as "Prior Legal Fee" and "Foreclosure Attorney's Fees and Costs."[2]

Edna Taylor died on May 8, 2004.  On February 17, 2005, "Edna Taylor," as well as a number of other plaintiffs, filed a putative class action suit against Dean Morris and various lender defendants alleging a variety of claims in the Civil District Court for the Parish of Orleans. Following two unsuccessful attempts to remove the case to federal court, a defendant successfully removed the suit to this Court in 2008.  The petition alleges a class of lender defendants consisting

---

[2] The "Prior Legal Fee" and "Foreclosure Attorneys Fee and Costs" on the October 2, 2003 "Pay Off Statement" totaled $2,455.78.

4

of lenders "who used Dean Morris as their attorney, agent, and/or employee, and for whom or during the representation of whom Dean Morris charged and/or collected excessive fees and/or expenses from members of the Plaintiff Class." *Patterson v. Dean Morris*, No. 08-5014, Fifth Supplemental and Amending Petition for Damages,  ¶ IX.  The petition further alleges that "Dean Morris, acting as the attorney, agent, and/or employee of  all of the Lender Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . .  for sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris "overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs, sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm to plaintiffs and members of the Plaintiff Class  *Id,* at ¶ IX, ¶ XI.  Plaintiffs also allege that "[t]he Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations." *Id.* at ¶ XIV.  The petition seeks damages under the following causes of action:

- conversion;
- unjust enrichment;
- intentional misrepresentation and fraud;
- negligent misrepresentation;
- breach of contract; and
- civil conspiracy.

The state district judge signed an order substituting Jacqueline Withrow for her mother Edna Taylor, as a plaintiff in the suit.  While the suit remained  pending in state court, the state district judge dismissed plaintiffs' negligence claims against Dean Morris.  Dean Morris now seeks summary judgment on all of Jacqueline Withrow's  remaining claims.

Summary Judgment Standard

5

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).   When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment.  The Court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific

6

> evidence in the record and to articulate precisely how this evidence
> supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Intentional Misrepresentation and Fraud

Because all of the claims alleged by plaintiff assert Louisiana state law claims, the Court applies Louisiana substantive law in analyzing the claims.  To establish a claim for intentional misrepresentation a plaintiff must prove: "(1) a misrepresentation of a material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury."  *Systems Engineering and Security, Inc.  v. Science & Engineering Associations, Inc*., 962 So.2d 1089, 1091(La. App. 4th Cir. 2007) (internal quotation and citation omitted).  Plaintiff asserts  that the reinstatement and payoff proposals  issued by Dean Morris  included inflated attorneys fees and costs.

No extensive analysis of each of the elements of an intentional misrepresentation claim is necessary.  The Court finds persuasive Dean Morris's contention that plaintiff cannot prevail on this claim because she has not presented any competent summary judgment evidence that Edna Taylor sustained any damages due to the alleged misrepresentations.

With respect to the March 4, 2003 and July 29, 2003 reinstatement quotes, there is no evidence that Ms. Taylor had the resources to pay even the undisputed outstanding amounts owed on the loan, i.e., payments due and late payments.  Absent evidence that the disputed portions of the reinstatement quotes were the only impediment to the reinstatement of the loan, the Court has no basis to conclude that plaintiff has presented a genuine issue of material fact with respect to a claim for damages related to alleged  misrepresentations in those reinstatement quotes.  Nor has plaintiff provided any evidence raising a genuine issue of material fact concerning damages sustained by Ms. Taylor as a result of the payoff provided  by Dean Morris to Authentic Title on August 7, 2003.  As

7

noted herein above, the actual out of pocket costs incurred by Dean Morris in connection with the foreclosure on Ms. Taylor's property exceeded by $69.71 the $2,455.78 paid by Ms. Taylor as "Prior Legal" and "Foreclosure Attorney's Fees and Costs" in connection with the payoff on her loan. Given that fact and the absence of evidence that Ms. Taylor sustained any damages as a result of the alleged misrepresentations by Dean Morris, the Court grants Dean Morris's motion for summary judgment on plaintiff's claim of intentional misrepresentation.

Dean Morris is similarly entitled to summary judgment on Ms. Withrow's claim of fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to another. Fraud may also result from silence or inaction." La. Civ. Code art. 1953. An action for fraud requires: "(1) a misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Gonzales v. Gonzales*, 20 F.3d 557, 563 (La. App. 4th Cir. 2009). Because the analysis of the damages issue on the fraud claim is identical to that articulated in connection with plaintiff's claim for intentional misrepresentation, Dean Morris is entitled to summary judgment on plaintiff's fraud claim.

Conversion Claim

"[C]onversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, there must be either a wrongful taking or a wrongful detention. " *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-741 (La. App. 3rd Cir. 1969), citing *Import Sales, Inc. v. Lindeman*, 92 So.2d 574 (1957). Plaintiff has not submitted any evidence indicating that Dean Morris was not legally entitled to the funds paid to it by Ms. Taylor. Considering that lack

of evidence, Ms. Withrow has failed to raise a genuine issue of material fact concerning whether Dean Morris wrongfully deprived Edna Taylor of any property. Therefore, summary judgment dismissing this claim is appropriate.

Unjust Enrichment

Article 2298 of the Louisiana Civil Code provides, in pertinent part, that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So. 3rd 243, 244 (La. 2010), quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988).

Dean Morris moves for summary judgment on this claim urging that because plaintiff has other remedies available to her, she cannot state a claim for unjust enrichment. Defendant's contention is well founded. Other remedies are, in fact, available to plaintiff, e.g., intentional misrepresentation. In *Walters v. MedSouth Record Management, LLC* the Louisiana Supreme Court concluded that because plaintiff had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment." *Id.* The Court further opined, "[m]oreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a

plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.*   Similarly, "the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy  available at law (subidiarity)." *Morphy, Makofsky, & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 572 (La. 1989).  That Ms. Withrow failed to prevail on the other remedies available to her does not negate the fact that such remedies were available.  The availability of an alternative remedy bars Ms. Withrow's claim for unjust enrichment and entitles Dean Morris to summary judgment on plaintiff's claim of unjust enrichment.

Civil Conspiracy

Article 2324A of the Louisiana Civil Code  provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable *in solido*, with that person, for the damage caused by such act."   However, it is well recognized that Article 2324 does not itself "impose liability for a civil conspiracy."   *Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002).  Rather, "[t]he actionable element in a claim under [Article 2324] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetuate and which they commit in whole or in part."  *Id.* (internal quotation and citation omitted).  As noted herein above, Ms. Withrow has failed to establish a genuine issue of material fact with respect to a tort claim against Dean Morris. Because Dean Morris is entitled to summary judgment on all of plaintiff's underlying tort claims, there can be no predicate tort claim for plaintiff's civil conspiracy claim.  Therefore, Dean Morris is also entitled to summary judgment on the civil conspiracy claim.

Moreover, even assuming *arguendo* that Ms. Withrow had raised a genuine issue of material

10

fact with respect to a predicate tort offense, Dean Morris would nonetheless still be entitled to summary judgment on this claim.  To establish a conspiracy, plaintiff must produce evidence of an agreement between the parties.  *Legier and Matherne, APAC v. Great Plains Software, Inc*., 2005 WL 1431666, *8 (E.D. La. May 31, 2005).

> Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing.  Evidence of such a conspiracy can be by actual knowledge of both parties or over actions with one another, or that can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.

*Id.*  (internal quotation and citation omitted).  Plaintiff  does not offer any specific evidence to establish the requisite agreement to commit a tort.  In the absence of  evidence of an agreement to commit an underlying tort, Dean Morris is entitled to summary judgment on this claim.

Breach of Contract

The petition  alleges that "Dean Morris' actions on behalf of the Lender Defendants violated provisions of the mortgage and related agreements between plaintiffs and the Lender Defendants." *Patterson v. Dean Morris*, Fifth Supplemental and Amending Petition for Damages, ¶ XIV.  Under Louisiana law, "[t]o assert a cause of action for breach of contract, the [plaintiff] must prove both the existence of a contract and privity." *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870, 888 (5th Cir. 2002).

Dean Morris contends  that the claim must fail  because there is no contract between Dean Morris and Ms. Taylor. Plaintiff claims that "[c]ontracts between Dean Morris and the lenders, and applicable regulations, provide for an 'allowable' attorney fee for full foreclosure proceeding and that Ms. Taylor "and other putative class members are third party beneficiaries of the 'allowable' limitation on attorney's fees imposed by regulation and incorporated into contracts to which

11

plaintiffs are third-party beneficiaries." (Doc. 227, p. 9).

Under Louisiana law, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." La. Civ. Code art. 1978. Because the Civil Code does not specify the analytical framework for determining when a contract contains a stipulation *pour autrui*, the requisite criteria have been jurisprudentially developed. *Williams v. Certain Underwriters at Lloyd's of London*, 2010 WL 4009818, *2 (5th Cir. October 13, 2010). Here, no analysis of the individual criteria is required. Plaintiff submitted no evidence concerning the contract under which she claims to be a third party beneficiary. In fact, plaintiff failed to identify the contract she relies upon, although presumably it would be the contract between Dean Morris and Long Beach/WAMU concerning Dean Morris's handling of residential foreclosure actions and activities. Absent evidence of the contract relied upon, plaintiff cannot raise a genuine issue of material fact on her claim of breach of contract. Moreover, even assuming *arguendo* that the contract plaintiff relies upon includes a stipulation *pour autrui* in favor of Ms. Taylor, plaintiff has not offered any evidence establishing that Dean Morris received a fee in excess of the alleged "allowable" attorney fee permitted under that contract.

Plaintiff also alleges that Edna Taylor had a right under the terms of her mortgage to reinstate a delinquent loan, and that Dean Morris, by inflating and thereby misrepresenting the amount of attorney's fees and costs which had to be paid to bring the loan current, deprived her of the right to reinstate her loan. Dean Morris is entitled to summary judgment on this claim as well. Plaintiff has not submitted any competent summary judgment evidence that absent the alleged misrepresentations by Dean Morris Edna Taylor would have had the financial resources to reinstate her loan and mortgage. Absent such evidence, plaintiff cannot raise a genuine issue of material fact

on her breach of contract claim that Dean Morris's alleged misrepresentations deprived her of her right to reinstate her loan.  Accordingly, the Court grants Dean Morris's motion for summary judgment and dismisses plaintiff's breach of contract claims.[3]  Accordingly,

**IT IS ORDERED** that all claims of plaintiff Jacqueline Withrow against defendants Dean Morris, LLP, George B. Dean, Jr.,  John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau are dismissed.

New Orleans, Louisiana, this 6th  day of May, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] In moving for summary judgment Dean Morris also urged as affirmative defenses to plaintiff's claims voluntary payment and inability to sue an adversary's attorney.  Having concluded for the reasons stated herein above that Dean Morris is entitled to summary judgment on plaintiff's claims, the Court need not address those affirmative defenses.