UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MARY & LARRY PATTERSON, ET AL                    CIVIL ACTION

VERSUS                                           NO. 08-5014

DEAN MORRIS, L.L.P., ET AL                       SECTION "K"(2)


ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendants Dean

Morris, LLP, George B. Dean, Jr.,  John C. Morris, III, Charles H. Heck, Jr., and Candace A.

Coutreau  (referred to collectively herein after as "Dean Morris") (Doc.196) seeking to dismiss all

claims of plaintiff  Thomas A. Thibodeaux against Dean Morris.  Having reviewed the pleadings,

memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

BACKGROUND

 On December 9, 2002,  Thomas A. Thibodeaux, Joseph A. Thibodeaux, and Vita Mistretta

Thibodeaux executed a $129,000.00 promissory note payable to AmSouth Bank ("AmSouth").

(Doc. 196, Ex. A - Thibodeaux 1).  The Thibodeauxs  secured the promissory note with a mortgage

on property located at 6562 General Haig Street, New Orleans, Louisiana. (Doc. 196, Ex. A -

Thibodeaux 4). AmSouth assigned the mortgage to Fidelity Bank ("Fidelity") which later assigned

it to Federal National Mortgage Association ("Fannie Mae"). (Doc. 196, Ex. A - Thibodeaux 2, 3).

Beginning in August 2003, the Thibodeauxs  failed to make their  monthly payment on the

note and mortgage. (Doc. 196, Ex. A,  Affidavit of George B. Dean, Jr. and John C. Morris, III,  ¶

6,7).  In February 2004, Fidelity sent the loan to Dean Morris, L.L.P. to institute foreclosure

proceedings.  (Id. at ¶ 6). On February 25, 2004, Dean Morris, acting on behalf of Fannie Mae,  filed

a "Petition for Executory Process" in the Civil  District Court for the Parish of Orleans, seeking, among other things,  a Writ of Seizure and Sale to sell the mortgaged property. (Doc. 196, Ex. A - Thibodeaux 5).  Upon filing the petition for executory process, Dean Morris paid  $306.50 to the Clerk of Court and advanced $1,200.00 in costs to the Civil Sheriff.  (Doc. 196, Ex. A - Thibodeaux 7, 8).  Following the filing of the  executory process petition, the state court judge signed an order that a Writ of Seizure and Sale issue.  (Doc. 196, Ex. A -  Thibodeaux 6).

On April 1, 2004, Gwen Dixon, with Youth & Adult Enrichment Network, Inc. ("YAENI") requested, on behalf of Thomas Thibodeaux, "reinstatement figures" on Mr. Thibodeaux's loan. (Doc. 196, Ex. A - Thibodeaux 10).   On April 7, 2004 Dean Morris, L.L.P. provided a "Reinstatement Proposal," good through May 7, 2004, which reflected the following figures:

| | |
|---|---:|
| Payments Due | 11,152.59 |
| Appraisal/BPO | 260.00 |
| Foreclosure Attorney's Fees and Costs | 4,123.88 |
| Total | 15,536.47 |

(Id.).  The Reinstatement Proposal does not indicate that any of the figures are estimates, but does state:

> Reserving to Lender, the right to demand additional funds to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographical, or otherwise and to reflect any transactions that may occur on or subsequent to the date of this reinstatement, upon payment of the following amounts the lender will waive the existing default and the acceleration of the mortgage loan, and dismiss, without prejudice, any pending foreclosure suit ("Reinstatement").

(Id.).

On May 19, 2004, Thomas Thibodeaux filed a voluntary petition for bankruptcy.[1]   (Doc.

---

[1] *In re Thomas Thibodeaux*, No. 04-13805 (E.D. La.)

2

196, Ex. A - Thibodeaux 12).  Once Dean Morris, L.L.P. learned that Mr. Thibodeaux had filed for

bankruptcy, it put the foreclosure proceeding on hold and cancelled the sale of the property.  Dean

Morris then billed Fidelity.  Fidelity paid Dean Morris $3,698.41, which Dean Morris credited as

follows:

| | |
|---|---|
| Sheriffs Costs | 2,041.91 |
| Clerk Costs | 306.50 |
| Title Search/Review/Abstract | 450.00 |
| Attorneys Fees | 900.00 |

(Doc. 196, Ex. A, Affidavit of George B. Dean, Jr. and John C. Morris, III, ¶ 11).

In his bankruptcy schedules, Mr. Thibodeaux listed Fidelity "c/o Dean Morris" as a creditor

holding a secured claim.  (Doc. 196, Ex. A - Thibodeaux 13).  Fidelity filed a proof of claim

indicating a "Total Arrearage Claimed" of $15,119.52 which included the following:

| | |
|---|---|
| Monthly principal, interest, and escrow | 11,152.59 |
| Foreclosure Appraisal | 260.00 |
| Foreclosure Attorney Fees | 900.00 |
| Foreclosure Court Costs | 2,798.41 |
| Deferred Late Charges | 8.52 |

(Doc. 196, Ex. A - Thibodeaux 16).  The Proof of Claim also reflected a "Total Secured Debt" of

$128,255.93.  (Id.).  Mr. Thibodeaux did not file an objection to Fidelity's proof of claim as filed.

Mr. Thibodeaux filed a Chapter 13 Plan which provided for the payment of 100% of the secured

claims over 54 months.  (Doc. 196, Ex. A - Thibodeaux 14).  The bankruptcy judge confirmed the

plan on July 13, 2004.  (Doc. 196, Ex. A - Thibodeaux 15). On December 6, 2004, the Chapter 13

Trustee filed a "Notice of Intent to Pay Claims including the claim for mortgage arrearages to

Fidelity totaling $15,119.52 which included the Foreclosure Attorney Fees and Court Costs.  (Doc.

196, Ex. A - Thibodeaux 17).  Over the next several months, Mr. Thibodeaux amended the payment

schedule for his plan, but never amended the total amount to be paid.

On April 22, 2005, Mr. Thibodeaux filed a motion to sell his one third (1/3) interest in the property to Vita Thibodeaux who would in turn obtain funding to pay out the existing mortgage, balance and arrears.  (Doc. 196, Ex. A - Thibodeaux 38).  On May 5, 2005, Dean Morris sent Winters Title, which was apparently handling the sale of the Thibodeaux property,  a "Payoff Statement," good though May 12, 2005, indicating the following amounts:

| | |
|---|---|
| Principal Balance | 127,875.11 |
| Interest | 12,837.07 |
| Suspense | -1,084.69 |
| Late Charges | 675.07 |
| Escrow Deficit | 1,755.53 |
| Appraisal/BPO | 710.00 |
| Bankruptcy Legal Fees | 150.00 |
| Prior Legal Fees & Costs | 4,048.41 |
| Sheriff's Commission | 4,409.00 |
| Total | 151,375.50 |

(Document 196, Ex. A - Thibodeaux 40).  On May 17, 2005, the bankruptcy judge signed an order permitting Mr. Thibodeaux "to sell his home for a price of $160,000.00, or better, to Vita Thibodeaux, or any willing purchaser" and that "the proceeds from this sale be used to pay out the mortgage balance and arrears, closing costs, and any liens that may exist.  The balance of the proceeds will be used to pay out the Chapter 13 plan."  (Doc. 196, Ex. A - Thibodeaux 39).  Thereafter on May 26, 2005 Dean Morris issued another payoff, good through June 15, 2005, reflecting the following amounts:

| | |
|---|---|
| Principal Balance | 127,358.04 |
| Interest | 11,150.91 |
| Suspense | -1,084.69 |
| Late Charges | 555.94 |
| Escrow Deficit | 614.57 |
| Appraisal/BPO | 710.00 |
| Bankruptcy- Credit | -150.00 |
| Prior Legal Fees & Costs | 4,048.41 |
| Sheriff's Commission | 4,296.10 |

4

                    Total                                        147,499.28

(Document 196, Ex. A - Thibodeaux 41). The sale of the property occurred, and on May 27, 2005,

Omni Bank, which provided the funds for the sale, issued a cashiers check for $147,499.28 to Dean

Morris to pay off Mr. Thibodeaux's loan. (Doc. 196, Ex. A - Thibodeaux 42). Upon receipt of the

funds, Dean Morris issued a check to Fidelity for the full amount of the payoff. (Id.)

        On June 9, 2005, on the motion of Fannie Mae, the state district judge dismissed the

foreclosure proceeding. (Doc. 196, Ex. A - Thibodeaux 43). Then on March 1, 2006, Mr.

Thibodeaux received his discharge in bankruptcy. (Doc. 196, Ex. A - Thibodeaux 51).

         On February 17, 2005, while the bankruptcy and foreclosure proceedings remained pending,

Thomas Thibodeaux, as well as a number of  other  plaintiffs, filed a  putative class action suit

against Dean Morris and various lender defendants alleging a variety of claims in the Civil District

Court for the Parish of Orleans. Following two  unsuccessful attempts to remove the case to federal

court, a defendant  successfully  removed the suit to this Court in 2008. The petition alleges a class

of lender defendants consisting of lenders "who used Dean Morris as their attorney, agent, and/or

employee, and for whom or during the representation of whom Dean Morris charged and/or

collected excessive fees and/or expenses from members of the Plaintiff Class." *Patterson v. Dean*

*Morris*, No. 08-5014, Fifth Supplemental and Amending Petition for Damages, ¶ IX. The petition

further alleges that "Dean Morris, acting as the attorney, agent, and/or employee of  all of the Lender

Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . . for

sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris

"overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs,

sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm

                                             5

to plaintiffs and members of the Plaintiff Class *Id,* at ¶ IX, ¶ XI. Plaintiffs also allege that "[t]he Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations." *Id.* at ¶ XIV. The petition seeks damages under the following causes of action:

- conversion;
- unjust enrichment;
- intentional misrepresentation and fraud;
- negligent misrepresentation;
- breach of contract; and
- civil conspiracy.

While the suit remained pending in state court, the state district judge dismissed plaintiffs' negligence claims against Dean Morris. Dean Morris now seeks summary judgment on all of Thomas Thibodeaux's remaining claims.

### Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588,

6

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th

Cir.1995).

  "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497

F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986).   Summary judgment evidence must be "viewed in the light most

favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex*

*rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions
> cannot defeat a motion for summary judgment.  The Court has no
> duty to search the record for material fact issues.  Rather, the party
> opposing the summary judgment is required to identify specific
> evidence in the record and to articulate precisely how this evidence
> supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Intentional Misrepresentation and Fraud

      Because all of the claims alleged by plaintiff assert Louisiana state law claims, the Court

applies Louisiana substantive law in analyzing the claims.   To establish a claim for intentional

misrepresentation a plaintiff must prove: "(1) a misrepresentation of a material fact, (2) made with

the intent to deceive, (3) causing justifiable reliance with resulting injury."  *Systems Engineering*

*and Security, Inc.  v. Science & Engineering Associates, Inc*., 962 So.2d 1089, 1091(La. App. 4th

Cir. 2007) (internal quotation and citation omitted).   Plaintiff asserts  that the reinstatement and

payoff proposals  issued by Dean Morris  included inflated attorneys fees and costs.

      No extensive analysis of each of the elements of an intentional misrepresentation claim is

7

necessary because the Court finds persuasive Dean Morris's contention that plaintiff has not presented any competent summary judgment evidence that he sustained any damages due to the alleged misrepresentations in the proposals.  There is no evidence that Mr. Thibodeaux made any payment in response to any of the proposals.  Funds from the loan to Vita Thibodeaux were used to pay off the Fidelity loan.  Mr. Thibodeaux did not make any payments to Dean Morris towards the payoff of the Fidelity loan.  Nor is there any evidence suggesting that Mr. Thibodeaux had the financial resources to pay even the undisputed outstanding amounts owed on the loan, e.g., the monthly principal and interest and the late fees.  Absent evidence that the currently disputed portions of the reinstatement quote were the only impediments to reinstatement of the loan, the plaintiff has failed to raise a genuine issue of material fact concerning his damages with respect to the alleged misrepresentations in the proposals.  Dean Morris is therefore entitled to summary judgment on plaintiff's claim for intentional misrepresentation.

Turning to plaintiff's fraud claim, "[f]raud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to another.  Fraud may also result from silence or inaction." La. Civ. Code art. 1953. An action for fraud requires: "(1) a misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Gonzales v. Gonzales*, 20 F.3d 557, 563 (La. App. 4th Cir. 2009).  Because the elements of fraud are virtually identical to those necessary to establish a claim of intentional misrepresentation,  the same  reasoning used in analyzing the claims of intentional misrepresentation applies in evaluating  the fraud claim.  For the reasons stated herein above, the motion for summary judgment on the fraud claim is granted.

Conversion Claim

8

"[C]onversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, there must be either a wrongful taking or a wrongful detention. " *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-741 (La. App. 3rd Cir. 1969), citing *Import Sales, Inc. v. Lindeman*, 92 So.2d 574 (1957). There is no evidence that Mr. Thibodeaux paid Dean Morris any money. Considering that lack of evidence, Mr. Thibodeaux has failed to raise a genuine issue of material fact concerning whether Dean Morris wrongfully deprived him of any property. Therefore, Dean Morris is entitled to summary judgment on plaintiff's conversion claim.

Unjust Enrichment

Article 2298 of the Louisiana Civil Code provides, in pertinent part, that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So. 3rd 243, 244 (La. 2010), quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988).

Dean Morris moves for summary judgment on this claim urging that because plaintiff has other remedies available to him, he cannot state a claim for unjust enrichment. Defendant's

9

contention is well founded.   Other remedies are, in fact, available to plaintiff, e.g., intentional misrepresentation.  In *Walters v. MedSouth Record Management, LLC* the Louisiana Supreme Court concluded that because plaintiff had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment."  *Id.*  The Court further opined, "[m]oreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed.  The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.*   Similarly, "the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy  available at law (subidiarity)." *Morphy, Makofsky, & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 572 (La. 1989).  That Mr. Thibodeaux failed to prevail on the other remedies available to him does not negate the fact that such remedies were available.  The availability of an alternative remedy bars Mr. Thibodeaux's claim for unjust enrichment and entitles Dean Morris to summary judgment on plaintiff's claim of unjust enrichment.

Civil Conspiracy

Article 2324A of the Louisiana Civil Code  provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable *in solido*, with that person, for the damage caused by such act."  However, it is well recognized that Article 2324 does not itself "impose liability for a civil conspiracy."  *Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002).  Rather, "[t]he actionable element in a claim under [Article 2324] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetuate and which they commit in whole or in part."  *Id.* (internal quotation and citation omitted).

10

As noted herein above, Mr. Thibodeaux has failed to establish a genuine issue of material fact with respect to a tort claim against Dean Morris.  Because Dean Morris is entitled to summary judgment on all of plaintiff's underlying tort claims, there can be no predicate tort claim for plaintiff's civil conspiracy claim.  Therefore, Dean Morris is also entitled to summary judgment on the civil conspiracy claim.

Moreover, even assuming *arguendo* that Mr. Thibodeaux had raised a genuine issue of material fact with respect to a predicate tort offense, Dean Morris would nonetheless still be entitled to summary judgment on this claim.  To establish a conspiracy, plaintiff must produce evidence of an agreement between the parties. *Legier and Matherne, APAC v. Great Plains Software, Inc.*, 2005 WL 1431666, *8 (E.D. La. May 31, 2005).

> Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing.  Evidence of such a conspiracy can be by actual knowledge of both parties or over actions with one another, or that can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.

*Id.* (internal quotation and citation omitted).  Plaintiff  does not offer any specific evidence to establish the requisite agreement to commit a tort.  In the absence of  evidence of an agreement to commit an underlying tort, Dean Morris is entitled to summary judgment on this claim.

<u>Breach of Contract</u>

The petition  alleges that "Dean Morris' actions on behalf of the Lender Defendants violated provisions of the mortgage and related agreements between plaintiffs and the Lender Defendants." *Patterson  v. Dean Morris*, Fourth Supplemental and Amending Petition for Damages, ¶ XIV.

Under Louisiana law, "[t]o assert a cause of action for breach of contract, the [plaintiff] must prove both the existence of a contract and privity." *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870, 888 (5th Cir. 2002).

Dean Morris contends that the claim must fail because there is no contract between Dean Morris and Mr. Thibodeaux.  Plaintiff claims that "[c]ontracts between Dean Morris and the lenders, and applicable regulations, provide for an 'allowable' attorney fee for full foreclosure proceeding and that Mr. Thibodeaux "and other putative class members are third party beneficiaries of the 'allowable' limitation on attorney's fees imposed by regulation and incorporated into contracts to which plaintiffs are third-party beneficiaries." (Doc. 227, p. 9).  Plaintiff concedes that the "allowable" amount is $900.00.

Under Louisiana law, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary."  La. Civ. Code art. 1978.  Because the Civil Code does not specify the analytical framework for determining when a contract contains a stipulation *pour autrui*, the requisite criteria have been jurisprudentially developed.  *Williams v. Certain Underwriters at Lloyd's of London*, 2010 WL 4009818, *2 (5th Cir. October 13, 2010).  Here, no analysis of the individual criteria is required. Plaintiff submitted no evidence concerning the contract under which he claims to be a third party beneficiary.  In fact, plaintiff failed to identify the contract he relies upon, although presumably it would be the contract between Dean Morris and Fidelity concerning Dean Morris's handling of residential foreclosure actions and activities.  Absent evidence of the contract relied upon, plaintiff cannot raise a genuine issue of material fact on his claim of breach of contract.  Moreover, even assuming *arguendo* that the contract plaintiff relies upon includes a stipulation *pour autrui* in favor of Mr. Thibodeaux, plaintiff has not offered any evidence

establishing that Dean Morris received a fee in excess of the alleged "allowable" attorney fee permitted under that contract.

Plaintiff also alleges that he had a right under the terms of his mortgage to reinstate a delinquent loan, and that Dean Morris, by inflating and thereby misrepresenting the amount of attorney's fees and costs which had to be paid to bring the loan current, deprived him of the right to reinstate his loan. Dean Morris is entitled to summary judgment on this claim as well. Plaintiff has not submitted any competent summary judgment evidence that absent the alleged misrepresentations by Dean Morris, he would have had the financial resources to reinstate his loan and mortgage. Absent such evidence, plaintiff cannot raise a genuine issue of material fact on his breach of contract claim that Dean Morris's alleged misrepresentations deprived him of his right to reinstate his loan. Accordingly, the Court grants Dean Morris's motion for summary judgment and dismisses plaintiff's breach of contract claims. Accordingly,

**IT IS ORDERED** that all claims of plaintiff Thomas Thibodeaux against defendants Dean Morris, LLP, George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau are dismissed.[2]

New Orleans, Louisiana, this 6th day of May, 2011.

_____
STANWOOD R. DUVAL, JR.

---

[2] In moving for summary judgment Dean Morris also urged as affirmative defenses to plaintiff's claims voluntary payment and res judicata. Having concluded for the reasons stated herein above that Dean Morris is entitled to summary judgment on all of plaintiff's claims, the Court need not address those affirmative defenses.

UNITED STATES DISTRICT JUDGE