UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| VERSUS | NO. 08-5013 |
| **DEAN MORRIS, L.L.P., ET AL** | SECTION "K" |
| | |
| **MARY & LARRY PATTERSON, ET AL** | **CIVIL ACTION** |
| VERSUS | NO. 08-5014 |
| **DEAN MORRIS, L.L.P., ET AL** | SECTION "K" |

## ORDER AND OPINION

Before the Court in each of the captioned cases is a "Motion to Strike Class Allegations" filed on behalf of defendants George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr. and Candace A. Courteau (Doc. 138,[1] 148[2]). Also pending before the Court are a "Motion to Strike Class Claims" filed on behalf of defendant Dean Morris, L.L.P. (Doc. 141,[3]) and a "Motion to Strike Class Claims" filed on behalf of defendants Dean Morris, L.L.P., George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr. and Candace A. Courteau (Doc. 151[4]). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motions and dismisses with prejudice the class claims alleged by plaintiffs.

---

[1] *Bauer v. Dean Morris, L.L.P.*, No. 08-5013 (E.D. La.).

[2] *Patterson v. Dean Morris, L.L.P.*, No. 08-5014 (E.D. La.).

[3] *Bauer v. Dean Morris, L.L.P.*, No. 08-5013 (E.D. La.).

[4] *Patterson v. Dean Morris, L.L.P.*, No. 08-5014 (E.D. La.).

**I. FACTUAL BACKGROUND**

These motions arise from two separate class action cases. The plaintiffs in each suit borrowed money for residential loans from various lenders and thereafter defaulted on those loans which were either held or serviced by clients of Dean Morris, L.L.P. Dean Morris, L.L.P. is a law firm whose practice consists in large part of "enforcing the security interests of lending institutions through executory and ordinary judicial foreclosure proceedings . . .." Doc. 141, p. 2. George B. Dean, Jr. and John C. Morris, III are partners in the firm; Charles H. Heck, Jr. and Candace A. Courteau are associates with the firm.

In February 2005, the plaintiffs filed two putative class action suits against Dean Morris, L.L.P., George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., Candace A. Courteau (herein after collectively "Dean Morris") and various lender defendants alleging a variety of claims. The petitions allege, in pertinent part, that "Dean Morris, acting as the attorney, agent, and/or employee of all of the Lender Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . . for sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris "overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs, sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm to plaintiffs and members of the Plaintiff Class. *Bauer v. Dean Morris, L.L.P.*, No. 08-0513, Fourth Supplemental and Amending Petition for Damages, ¶ X, ¶ XI; *Patterson v. Dean Morris, L.L.P.*, No. 08-0514, Fifth Supplemental and Amending Petition for Damages, ¶IX, ¶XI. Plaintiffs also allege that "[t]he Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations." *Bauer v. Dean Morris, L.L.P.,* Fourth

Supplemental and Amending Complaint, ¶ XIV; *Patterson v. Dean Morris, L.L.P.*, Fifth Supplemental and Amending Complaint at ¶ XIV.

The *Bauer* petition defines the putative plaintiff class as "[a]ll Louisiana residents (or their heirs, successors, or assigns) who were charged excessive fees and/or expenses by a member of the Defendant Class by or through Dean Morris, L.L.P."[5] *Bauer v. Dean Morris, L.L.P.*, Fourth Supplemental and Amending Petition, for Damages, ¶ I. The *Patterson* petition defines the putative class as:

> All Louisiana residents (or their heirs, successors, or assigns) who were charged excessive fees and/or charges by a member of the Defendant Class by or through Dean Morris, L.L.P. *The Plaintiff Class includes only those persons whose bankruptcy filing would or might support removal to federal court and/or jurisdiction for their claim.*

*Patterson v. Dean Morris, L.L.P.*, Fifth Supplemental and Amending Petition for Damages, ¶ I (emphasis added). The only substantive class wide difference in the facts of the two cases is that the plaintiffs in the *Patterson* litigation all sought bankruptcy protection after defaulting on their residential loans.

The petitions seek damages for a number of causes of action: 1) breach of contract, 2) conversion, 3) unjust enrichment, 4) intentional misrepresentation and fraud; 5) negligent misrepresentation, and 6) civil conspiracy. There has been an extensive motion practice in these cases. In the early stages of the litigation, Dean Morris succeeded in having plaintiffs' negligence

---

[5] "Lender Defendants" are defined as "[a]ll Lenders who used Dean Morris as their attorney, agent, and/or employee, and for whom or during the representation of whom Dean Morris charged and/or collected excessive fees and/or expenses from members of the Plaintiff Class. National banks are specifically excluded from the Defendant Class." *Bauer v. Morris*, Fourth Supplemental and Amending Petition, ¶ IX.

claims dismissed.  Thereafter the Dean Morris defendants filed numerous motions for summary judgment seeking dismissal of the non-stayed named plaintiff's claims on a number of grounds. With respect to each of those motions the Court painstakingly, and at great length, analyzed the claims of the individual plaintiffs based on the facts specific to each plaintiff. The Court granted Dean Morris's motions for summary judgment in their entirety as to eleven (11) of the plaintiffs.[6] As to two other plaintiffs, i.e., Terry Hardy[7] and Charles Battiste,[8] the Court dismissed the claims against the Dean Morris defendants for breach of contract, unjust enrichment, and civil conspiracy. Additionally, with respect to Terry Hardy the Court dismissed the conversion claim as to each Dean Morris defendant.[9]  The non-stayed plaintiffs' only extant claims are those of Terry Hardy and Charles Battiste against Dean Morris, L.L.P., George B. Dean, Jr., and John C. Morris, III for intentional misrepresentation and fraud and George Battiste's claim against Dean Morris, L.L.P., George B. Dean, Jr., and John C. Morris, III for conversion.  Thus, the remaining claims are delictual or quasi-delictual in nature.  No claims for breach of contract remain.

Dean Morris moves to strike the class claims in both suits contending that neither class is ascertainable, and that plaintiffs cannot satisfy the requirements for a class action identified in the

---

[6] In *Bauer v. Dean Morris, L.L.P.,* No. 08-5013, the following plaintiffs' claims against the Dean Morris defendants were dismissed in their entirety: Jim Temple Bright and Debra Bright (Doc. 294), Lionel J. Coleman (Doc. 295), Teresa LeBeaud (Doc. 296), Marsha Gilmore (Doc. 299, 300, 307), Salome Lucineo Boyd (Doc. 300), and Rosalyn Valeary-Dodge (Doc. 301). In *Patterson v. Dean Morris, L.L.P.*, NO. 08-5014, the following plaintiffs' claims against the Dean Morris defendants were dismissed in their entirety: Marlene Aubert (Doc. 302), Jacqueline Withrow (Doc. 303), Alex Hartley (Doc. 304), Willie Brown (Doc. 305), Ronald Singleton (Doc. 306), and Thomas Thibodeaux (Doc. 307).

[7] *Bauer v. Dean Morris, L.L.P.,* No. 08-5013 (Doc. 297).

[8] *Patterson v. Dean Morris, L.L.P.,* No. 08-5014 (Doc. 308).

[9] *Bauer v. Dean Morris, L.L.P.,* No. 08-5013 (Doc. 297).

Federal Rule of Civil Procedures.

## II. ANALYSIS

Class allegations may be stricken "where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate." *Barasich v. Shell Products Co.,* 2008 WL 6468611 at *2 (E.D. La. 6-19-08). The standard applied in determining a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also applies to analyzing a motion to strike. *Id.*

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. "To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1),(2), or (3)." *Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 523 (5th Cir. 2007). A class may be certified if (1) "the class is so numerous that joinder of all members is impracticable," (2) "there are questions of law or fact common to the class," (3) the claims or defenses that will be presented by the class representatives are "typical of the claims or defenses of the class," and (4) the class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(a) must be satisfied by all proposed class actions.

However, simply satisfying the requirements of Rule 23(a) is not sufficient to certify a class. A class action must also satisfy the prerequisites of Rule 23(b)(1), (b)(2) or (b)(3). It is undisputed that plaintiffs allege a class under Rule 23(b)(3) which requires a finding that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). These findings are commonly referred to

as the "predominance" and "superiority" requirements. *Cole v. General Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007). "Pertinent" to the findings of predominance and superiority requirements are the following:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed.R. Civ.P. 23(b)(3).

Federal courts have "emphasize[d] that the party seeking certification bears the burden of establishing that the requirements of Rule 23 have been met." *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 325 (5th Cir. 2008) (citation omitted). A district court has discretion to certify a class, and that decision is reviewed only for abuse of that discretion. *Anderson v. Dep't. of Housing & Urban Devel.*, 554 F.3d 525, 528 (5th Cir. 2008). Nonetheless, "[t]he district court must conduct a 'rigorous analysis of the Rule 23 prerequisites' before certifying a class." *O'Sullivan v. Countrywide Home Loans*, 319 F.3d 732, 738 (5th Cir. 2003) (*quoting Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). "A district court certainly may look past the pleadings to determine whether the requirements of rule 23 have been met." *Castano,* 84 F.3d at 744. "Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issue." *Id.*, *citing* Manual for Complex Litigation § 30.11 (3d ed. 1995); *accord Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307, 312 (5th Cir. 2005) (district court must "focus on the requirements of

[Rule 23], and if findings made in connection with those requirements overlap findings that will be a made in connection with those requirements overlap findings that will have to be made on the merits, such overlap is only coincidental.").

**A. Ability to Ascertain Class**

Dean Morris contends that the classes defined by plaintiffs are not ascertainable and that plaintiffs cannot establish the requisites of Rule 23(a) and (b). "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). Both suits define the class to include, in pertinent part, "[a]ll Louisiana residents (or their heirs, successors, or assigns) who were **charged excessive fees and/or expenses** by a member of the Defendant Class by or through Dean Morris, L.L.P." *Bauer v. Dean Morris, LLP* Fourth Supplemental and Amending Complaint, ¶ 1(emphasis added); *Patterson v. Dean Morris*, *LLP*, Fifth Supplemental and Amending Complaint, ¶ 1(emphasis added). Resolving whether a particular individual falls within the class definition would require ascertaining whether Dean Morris had in fact charged that individual excessive fees or expenses. That factual determination could be made in each case only after reviewing the merits of each individual's claim. The need to conduct such individual inquiries to determine who qualifies as a member of the class undermines the administrative benefits of Rule 23. *Barasich v. Shell Pipeline Company*, *LP*, 2008 WL 6468611 (E.D. La. June 19, 2008) is instructive. There the district court declined to certify a class defined as including "[a]ll commercial fisherman whose oyster leases were contaminated by oil discharged during Hurricane Katrina due to the negligence of defendants." *Id*. at *4. In concluding that the class was not adequately defined, the district judge concluded, in pertinent part, that "the determination of whether an individual is a

7

member of the proposed class . . . cannot be determined without inquiring into the merits of each person's claim." *Id.* Given that an inquiry into the merits of each potential class member's claim would be necessary to determine whether an individual fell within the defined class, the Court concludes that the proposed classes are not ascertainable.

## B. Rule 23(b)(3) Inquiry: Predominance

> The predominance inquiry requires a court to consider "how a trial on the merits would be conducted if a class action were certified." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003) (quotation marks and citation omitted). This, in turn, "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Id.* (quotation marks and citation omitted). The predominance requirement of Rule 23(b)(3), though redolent of the commonality requirement of Rule 23(a), is "far more demanding" because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods, [v. Windsor]*, 521 U.S. [591,] 623-24, 117 S.Ct. 2231 [(1997)].

*Gene and Gene LLC v. Biopay LLC*, 541 F.3d at 326. "The predominance inquiry requires that questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Steering Committee v. Exxon Mobil Corp.,* 461 F.3d at 601 (internal quotation and citation omitted). To put it another way, [i]n order to 'predominate,' common issues must constitute a significant part of the individual cases." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999) (internal quotation and citation omitted). "The cause of action as a whole must satisfy the Rule 23(b)(3)'s predominance requirement." *Id., quoting Castano v. Am. Tobacco Co.,* 84 F.3d at 745 n. 21.

In evaluating the predominance requirement, the Court concludes that individual issues exist with regards to liability, affirmative defenses and damages. When considered together, it is clear

that the individual issues predominate over those common to the class. Therefore, plaintiffs fail to satisfy Rule 23(b)(3) as detailed herein after.

### 1. Liability

Plaintiffs allege claims for conversion, unjust enrichment, intentional misrepresentation, fraud, breach of contract and civil conspiracy against Dean Morris. Relying on *Brand v. National Bank of Commerce*, 213 F.3d 636 (5th Cir. 2000) plaintiffs contend that liability presents a common issue. They urge that Dean Morris, LLP and all of the defendant attorneys engaged in a policy and practice of overcharging the plaintiffs. Plaintiffs also assert that:

> [T]he common issues trial will establish the prerequisites for liability: overcharges on a mass scale as apart [sic] of an established firm/attorney policy and practice, so as to prove intent, which defendants argue is the lynch pin of "adverse attorney" liability and which bears on the fraud claim. The motives, damages, reactions, etc. of individual class members have no bearing on the common issues trial.

Doc. 284, p.7. Defendants, on the other hand, assert that individual issues predominate with respect to liability, and that individual analysis of issues, including whether individuals were actually overcharged, specific representations with respect to reinstatement figures, individual reliance on the reinstatement figures provided, terms and provisions of individual loan agreements, and terms and provisions of contracts between Dean Morris and individual lenders is required to resolve liability. Having analyzed more than a dozen motions for summary judgment filed by Dean Morris with respect to liability issues, the Court knows first-hand that there are no common issues with respect to liability in these cases. The individual facts of each plaintiff's financial situation, interaction with Dean Morris, and reliance on the representations made by Dean Morris are essential to evaluate that plaintiff's claims.

The Court finds that *Brand v. National Bank of Commerce*, 213 F.3d 636 (5th Cir. 2000)(unpublished) 2000 WL 554193 (April 11, 2000), is inapposite, and that plaintiffs' allegation of systematic overcharging does not mandate a common liability issue in these cases. In *Brand,* the National Bank of Commerce ("NBC") appealed the district court's grant of class certification in a suit alleging violations of "various contractual, common law, and statutory duties." *Id.* at *1. In *Brand* :

> [t]he plaintiff alleges that NBC systematically forced placement of insurance that: 1) exceeded the coverage permitted by the loan agreement; 2) charged borrowers more than the cost of the insurance under a system of kickbacks from the insurer; 3) charged interest on unauthorized excessive premiums; 4) backdated insurance to cover time periods for which there was no risk; and charged premiums based on the amount of the loan but provided coverage on the cash value of the collateral.

*Id.* NBC appealed the district court's grant of class certification asserting that the suit required individualized proof of fraudulent representations and reliance by each class member, and therefore the court erred in granting class certification. The Fifth Circuit affirmed, with modifications, the class certification finding that plaintiffs' allegations did not require proof of individual representations or reliance. The Fifth Circuit opined:

> Both in the challenge to the class itself and its challenge of the representative, Mays, NBC repeatedly contends that the issues of individual reliance on representations are the basis for this lawsuit. It is true that the complaint contains allegations of fraud and reliance and that Mays testified that she did not discuss the collateral protection insurance with NBC representatives. This does not mean that the class claims will require such individualized proof, because the viability of the class claims will be determined primarily on the basis of the terms of the loan agreement, the terms of the insurance policies, the existence of the rebate system, and NBC's policies regarding collateral protection insurance.

*Id.* Brand, an unpublished and apparently previously uncited case, can be readily distinguished. Each plaintiff in *Brand* had a direct contractual relationship with NBC which resulted in a commonality of issues not present in these cases. Here, plaintiffs did not have a direct contractual relationship with Dean Morris. Moreover, because the class representatives' claims for breach of contract against Dean Morris have been dismissed, these suits no longer have breach of contract claims. The gravamen of plaintiffs' remaining claims are alleged delictual or quasi-delictual acts, claims clearly outside the realm of Brand. Brand therefore is inapplicable.

The tort claims alleged by plaintiffs do not constitute common claims. As Dean Morris's prior motions for summary judgment amply demonstrate, each of plaintiffs' tort claims has elements requiring significant individual analysis to establish liability. ***This*** weighs against a finding that common issues predominate over individual issues.

To establish a claim of intentional misrepresentation or fraud, a plaintiff must prove (1) a misrepresentation of a material fact, (2) made with intent to deceive, (3) causing justifiable reliance with resulting injury. *Systems Engineering and Security, Inc. v. Science and Engineering Associations, Inc.*, 962 So.2d 1089, 1091 (La. App. 4th Cir. 2007); *Gonzales v. Gonzales*, 20 So.3d 557, 563 (La. App. 4th Cir. 2009). Because essential components of claims for intentional misrepresentation and fraud are individual misrepresentations and individual reliance, those claims do not present common issues for the class. In *Castano v. American Tobacco Co.*, 84 F.3d at 745, the Fifth Circuit opined "[a]ccording to both the advisory committee's notes to Rule 23(b)(3) and this court's decision in *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880 (5th Cir. 1973), a fraud class action cannot be certified when individual reliance will be an issue." Significantly, even the a *Brand* court conceded that "[i]f the class members could only recover by

11

proving the individual reliance, then class certification would be inappropriate." *Brand v. National Bank of Commerce,* 2000 WL 554193 at *2. Absent proof of individual reliance, a plaintiff cannot prevail on a claim for intentional misrepresentation or fraud, which renders those claims inappropriate for class certification.

Nor are plaintiffs' claims for conversion governed by common issues of liability. Under Louisiana law, "conversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the wrongful acquisition or the subsequent wrongful detention of possession." *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-41 (La. App. 3rd Cir. 1969). *citing Import Sales, Inc. v. Lindman*, 92 So.2d 574 (1957). Individual inquiry would be required with respect to each plaintiff to determine whether Dean Morris wrongfully acquired or wrongfully detained possession of any property belonging to that plaintiff. Such individual inquiry precludes a common liability analysis on the conversion claims.

Similarly, plaintiffs' claims for unjust enrichment do not present common issues of liability. The requisite elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props Co.*, 648 So.2d at 888, 897 (La. 1995). Of the five requisites for liability, only the element of "no other available remedy at law" is susceptible to common analysis and resolution. The other elements require assessments of the specific facts and circumstances of each plaintiff's claim which would mandate a series of mini-trials, a necessity which class action litigation was designed to avert.

In summary, the liability issues raised in plaintiffs' tort claims are not common throughout

the proposed classes. Overwhelmingly, the issues presented require individual analysis for resolution. This conclusion is bolstered by plaintiffs' failure to offer a trial plan addressing the individual issues plaintiffs concede exist in this litigation. The failure to provide a trial plan "severely undermines [plaintiffs'] contention that common issues predominate." *Altier v. Worley Catastrophe Response LLC*, 2011 WL 3205229 at *16 (E.D. La. 7/26/11).

### 2. Affirmative Defenses

An affirmative defense is not *per se* irrelevant to the predominance inquiry[,]" and "the predominance of individual issues necessary to decide an affirmative defense may preclude class certification. *Gene and Gene LLC v. Biopay LLC*, 541 F.3d at 327. Dean Morris has urged a number of affirmative defenses in response to these suits e.g., prescription, waiver, *res judicata*, judicial estoppel, voluntary payment doctrine, accord and satisfaction, and transaction and compromise. Assessment and resolution of the various affirmative defenses will require the Court to probe the applicability of various affirmative defenses to particular class members based on the facts specific to each borrower. Individualized hearings would be required to resolve the issues related to the viability of the affirmative defenses asserted. Dean Morris's assertion of the cited affirmative defenses suggests that class certification is inappropriate here.

### 3. Damages

A significant predominance issue concerns damages. "Where the plaitiffs' damage claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential exists that the class action may degenerate into multiple lawsuits separately tried. In such cases, class certification is inappropriate." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 744-45 (5th Cir. 2003) (internal quotation and citation omitted). Furthermore, it has been

acknowledged by the Fifth Circuit that "where individual damages cannot be determined by reference to a mathematical or formulaic calculation, the damages issue may predominate over any common issues shared by the class." *Steering Committee v. Exxon Mobil Corporation*, 461 F.3d at 602.

Plaintiffs seek damages for Dean Morris's alleged systematic overcharging and damages for actual overpayment of attorney's fees and costs. Additionally, plaintiffs seek emotional damages in connection with the intentional misrepresentation claim.

Clearly there would be no common issue with respect to the issue of entitlement to emotional damages. The inquiry into entitlement to emotional damages would require fact-intensive inquiry with respect to each individual borrower. There could be no class wide determination of that element of damages.

Although some elements of the damages sought, e.g., return of any excess amounts actually paid by a borrower, would be subject to a purely mathematical calculation, there is no indication that other elements of the damages sought, e.g., loss of use of any excess amounts paid and emotional damages, could be determined by a formulaic calculation. The Court does not foresee that damages common to the classes could be determined even on those elements of damages not related to emotional damages. Considering the claims for emotional damages, the Court is persuaded that individualized damage inquiries would predominate over common issues.

Based on the foregoing analysis, the Court concludes that class certification is inappropriate in these cases because common issues of liability and damages do not predominate over individual issues with respect to liability and damages. Therefore, plaintiffs cannot establish the predominance requirement of Rule 23(b)(3). Having concluded that plaintiffs cannot satisfy the "predominance"

requirement, the Court need not address the requirements of Rule 23(a) or the "superiority" requirement" of Rule 23(b). *See Steering Committee v. Exxon Mobil Cor.*, 461 F.3d 598, 601 (5th Cir. 2006). Accordingly,

**IT IS ORDERED** that the "Motion to Strike Class Claims" filed on behalf of defendants Dean Morris, L.L.P., George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr. and Candace A. Coutreau in *Patterson v. Dean Morris, L.L.P.,* No. 08-5014 (E.D. La) (Doc. 151) is GRANTED;

**IT IS FURTHER ORDERED** that the "Motion to Strike Class Allegations" filed on behalf of defendants George Dean, John Morris, Charles Heck, and Candace Coutreau in *Patterson v. Dean Morris, L.L.P.,* No. 08-5014 (E.D. La) (Doc. 148) is GRANTED;

**IT IS FURTHER ORDERED** that the "Motion to Strike Class Claims" filed on behalf of defendants Dean Morris, L.L.P. in *Bauer v. Dean Morris, L.L.P.,* No. 08-5013 (E.D. La) (Doc. 141) is GRANTED;

**IT IS FURTHER ORDERED** that the "Motion to Strike Class Allegations" filed on behalf of defendants George Dean, John Morris, Charles Heck, and Candace Courteau in *Bauer v. Dean Morris, L.L.P.,* No. 08-5013 (E.D. La) (Doc. 138) is GRANTED.

New Orleans, Louisiana, this 7th day of September, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE